BECCO v. BECCO.

Divorce—Division of Property—Alimony.
> At termination of 34-year marriage plaintiff wife was equitably entitled to home of the parties and the furniture and equipment therein, where it appears such property was purchased from her own earnings and decree awarded defendant husband the automobile and an insurance policy and relieved him of payment of alimony for wife's future support.

Appeal from Wayne; Ferguson (Frank B.), J. Submitted October 12, 1949. (Docket No. 76, Calendar No. 44,476.) Decided December 7, 1949.

Bill by Emma Becco against Peter E. Becco for divorce on ground of extreme and repeated cruelty. Decree for plaintiff. Defendant appeals. Affirmed.

*Edward N. Barnard,* for plaintiff.

*Clarence A. Bradford,* for defendant.

Boyles, J. In this divorce case the only question raised is whether the court erred in deciding the property and alimony matters of the parties.

They were married in 1912 and lived together 34 years. Five children were born of the marriage, 2 of whom, now of full age, survive. During their early married life the plaintiff spent much of the time living with her mother or sister in Kansas, and

---

References for Points in Headnotes
17 Am Jur, Divorce and Separation, §§ 445, 448.

worked out. The defendant had no home, and his support of his wife and children was mostly minus. Plaintiff followed the defendant to Colorado, New Mexico, Arizona, and finally to Detroit, interspersed with returns to her mother's home in Kansas. Plaintiff worked, took in washings, was sick 2 years, and they accumulated no property until after they came to Detroit. In Detroit, plaintiff got a job at the Hudson Motor Car Company in 1927 and worked steadily during the depression. During 1931, 1932 and 1933, the defendant did not work. Plaintiff, with the help of her son, accumulated $370 and purchased a home on contract for $3,700, using her money for a down payment, over the protests of the defendant. She made the payments on the contract out of her earnings. The defendant refused to help. He said, "You bought the house; you pay for it." Her son aided by turning his earnings over to her and they bought an automobile, later traded in toward another. During World War II plaintiff earned good wages, bought $25 worth of US bonds each week, and used her earnings to buy furniture. She did the housework, washing, ironing, cooking and housecleaning. She used her earnings to build 3 bedrooms upstairs and otherwise improve the home, aided by money from the son. Altogether, she had about $7,500 invested in the home, besides the furniture she had also purchased from her earnings. Plaintiff and defendant shared in the payment of the current expenses of their domestic establishment.

At the time of their separation their property consisted of the home, the furniture, an automobile, an insurance policy, and possibly one of them had a small amount in government bonds.

The decree awarded the home, furniture and equipment to the plaintiff, the automobile and the insurance policy to the defendant, and relieves the defendant from payment of alimony for plaintiff's

future support. The plaintiff was under no legal obligation to work out and provide a home. In equity, it should belong to her. The decree is affirmed, with costs.

Sharpe, C. J., and Bushnell, Reid, North, Dethmers, Butzel, and Carr, JJ., concurred.